

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOS. WR-77,157-01 and WR-77,157-02

### EX PARTE DANIEL LEE LOPEZ, Applicant

### ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS
### AND MOTIONS TO STAY THE EXECUTION IN CAUSE NO. 09-CR-787-B
### IN THE 117TH JUDICIAL DISTRICT COURT
### NUECES COUNTY

*Per curiam.* ALCALA, J., filed a concurring statement in which JOHNSON, J., joins.

## O R D E R

This is a subsequent application for a writ of habeas corpus filed pursuant to the provisions of Texas Code of Criminal Procedure Article 11.071 § 5 and two motions to stay applicant's execution.

In March 2010, a jury found applicant guilty of the offense of capital murder. The jury answered the special issues submitted pursuant to Texas Code of Criminal Procedure

Article 37.071, and the trial court, accordingly, set applicant's punishment at death.[1]

This Court affirmed applicant's conviction and sentence on direct appeal. *Lopez v. State*, No. AP-76,327 (Tex. Crim. App. Oct. 31, 2012)(not designated for publication). Shortly after he was convicted and sentenced to death, applicant waived the appointment of counsel to represent him in a post-conviction writ of habeas corpus under Article 11.071, and he expressed his desire to waive habeas review altogether. No writ application was filed in the convicting court on or before the statutory due date of January 27, 2012. Because no writ application was filed, and because applicant consistently and repeatedly expressed his desire to waive habeas review, this Court accepted his habeas waiver and noted in the order issued that the waiver constituted a waiver of all grounds for relief that were available to him before the last date on which his application could have been timely filed. *Ex parte Lopez*, No. WR-77,157-01 (Tex. Crim. App. Apr. 18, 2012)(not designated for publication).

On July 27, 2015, counsel for applicant filed in this Court a suggestion that we reconsider on our own motion our acceptance of applicant's waiver of habeas review. In the suggestion to reconsider, counsel asserts that the Court should reconsider its order accepting applicant's waiver of state habeas review because the process by which he was allowed to waive did not comport with the dictates of due process.

On July 28, 2015, counsel filed in the trial court a subsequent application for a writ

---

[1] Unless otherwise indicated all references to Articles refer to the Code of Criminal Procedure.

of habeas corpus.  In the subsequent application, counsel asserts that applicant is actually innocent of the crime for which he was convicted.

After reviewing applicant's subsequent application, we find that he has failed to satisfy the requirements of Article 11.071 § 5.  Accordingly, the application is dismissed as an abuse of the writ without reviewing the merits of the claim, and his motion to stay the execution is denied.  Art. 11.071 § 5(c).  Further, we decline to reconsider our determination to accept applicant's waiver of habeas review, and we deny the motion to stay filed in conjunction with that pleading.

IT IS SO ORDERED THIS THE 4th DAY OF AUGUST, 2015.

Do Not Publish